**Widya KURNIA, Petitioner,**

v.

**John ASHCROFT, Attorney General; et al., Respondents.**

No. 02–74400.

Agency No. A77–815–016.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 19, 2004.

Haitham E. Ballout, Law Offices of Haitham E. Ballout, Burlingame, CA, for Petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Greg D. Mack, U.S. Department of Justice, Washington, DC, for Respondents.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM **

Widya Kurnia, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming the order of an immigration judge ("IJ") denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we review the IJ's decision as the final agency determination. *Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir.2004). We review for substantial evidence the determination that Kurnia has not established eligibility for asylum, *id.*, and we deny the petition for review.

Substantial evidence supports the IJ's decision because the random criminal acts Kurnia experienced while riding buses do not establish persecution. *See id.* at 1177. Kurnia failed to establish an objective basis for her fear of future persecution because her testimony about violence against ethnic Chinese in Indonesia was vague and speculative. *See Limsico v. INS*, 951 F.2d 210, 212 (9th Cir.1991).

** This disposition is not appropriate for publication and may not be cited to or by the

Because Kurnia failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Cruz–Navarro v. INS*, 232 F.3d 1024, 1031 (9th Cir.2000). Kurnia also failed to establish eligibility for relief under CAT because she failed to show it was more likely than not that she would be tortured if removed to Indonesia. *See* 8 C.F.R. § 208.16(c)(2)(4); *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Kurnia moved the BIA to reopen proceedings, in part, on the basis of her original counsel's ineffective assistance. We lack jurisdiction to consider the BIA's denial of the motion to reopen, however, because her current counsel failed to petition this Court for review of that decision. *See Stone v. INS*, 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (holding that Congress "envisioned two separate petitions filed to review two separate final orders"); *see also* 8 U.S.C. § 1252(b)(6) (regarding consolidation of petitions for review of removal orders and orders denying reopening).

**PETITION FOR REVIEW DENIED.**